UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAMIREZ HERNANDEZ (A# 221-059-562), | No. 1:26-cv-04198-DC-SCR (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al., | (ECF No. 9) |
| Respondents. | |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 17, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. ECF No. 9. On June 18, 2026, Respondents filed objections to the findings and recommendations, stating they object "for the reasons stated in their Return on Petition for Writ of Habeas Corpus." ECF No. 10. Those arguments were already addressed by the magistrate judge in this case and the undersigned in other cases. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S.

1

immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who lived in United Stats for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, Doc. Nos. 1, 9 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, Doc. Nos. 1, 10 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years).

However, consistent with this court's previous decisions, the court finds that requiring Respondents to provide a bond hearing, rather than immediately release Petitioner, is the appropriate relief under the circumstances of this case. Unlike the petitioners in *Maciel* and *Zuniga Cruz* who had no criminal record and were ordered released, here, Petitioner was transferred into immigration custody following his arrest for driving while intoxicated. ECF No. 8 at 6–7, 13. This court has previously found that where the government asserts a non-pretextual basis to detain a noncitizen who has not previously been released from immigration custody pending removal proceedings, the proper remedy for the government's failure to provide the petitioner with a bond hearing is a post-deprivation bond hearing, not immediate release. *See Chateauneuf v. Chestnut*, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) (finding that where the government asserts a non-pretextual change in circumstance warranting a noncitizen's detention pending removal proceedings, the proper remedy for the government's failure to provide the noncitizen with a pre-deprivation bond hearing is a post-

2

deprivation bond hearing).

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations (ECF No. 9) are ADOPTED IN PART;

2.  Petitioner Daniel Ramirez Hernandez's (A# 221-059-562) application for a writ of habeas corpus (ECF No. 1) is GRANTED as follows:

   a.  Within fourteen (14) days of the date of entry of this order, Respondents are ORDERED to provide Petitioner a bond hearing before an immigration judge pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and

   b.  If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days of the date of entry of this order, Petitioner shall be immediately released from Respondents' custody;

3.  Respondents are further directed to file a notice certifying compliance within fourteen (14) days of the date of entry of this order;

4.  Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) and motion to appoint counsel (Doc. No. 3) are DENIED as having been rendered moot by this order;

5.  The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

6.  The Clerk of the Court is directed to enter judgment for Petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **June 30, 2026**

Dena Coggins
United States District Judge

3